UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

**In re:**
**Nicole Ann Biscuiti,**                                    Chapter 7

      **Debtor.**                                             Case No.: 16-13660-EPK

_____/
**Next Level Technology Group, Inc.**
**A Florida Corporation and Steven**
**Rosenthal,**

      **Plaintiffs,**
v.                                                          Adv. Proc. No.:

**Nicole Ann Biscuiti,**

      **Defendant.**
_____/

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(6)**

Plaintiffs, Next Level Technology Group, Inc. a Florida Corporation and Steven Rosenthal ("Plaintiffs"), by undersigned counsel, hereby sues the Debtor, Nicole Ann Biscuiti ("Defendant"), to determine dischargeability of debt pursuant to 11 U.S.C. §§ 523(a), 727(b) and Rule 7001(4) of the Federal Rules of Bankruptcy Procedure and alleges follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Next Level Technology Group, Inc., ("Next Level" or "Plaintiff") is a Florida corporation.

2. Plaintiff Steven Rosenthal ("Rosenthal" or "Plaintiff") is an individual residing in Palm Beach County, Florida.

3. Rosenthal is the President, sole owner and operator of Next Level (Collectively, "Plaintiffs").

4. Defendant is an individual residing in Palm Beach County, Florida.

5. Defendant owns a Public Relations firm by the name of Nicole Biscuiti Relations, Inc. [ECF #1 at Schedule A/B, #19].

6. This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(b)(2), and 28 U.S.C. § 1334. 11 USC §§ 105 and 502 and Bankruptcy Rules 3007, 7001, 7008 and 9014 and other applicable law. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(J).

7. Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

8. On March 15, 2016 (the "Petition Date"), Defendant filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

9. Deborah Menotte is the duly appointed Trustee in the instant case.

10. The §341 meeting concluded on April 14, 2016 [ECF #10].

11. Plaintiffs are creditors of Defendant by virtue of the Final Judgment and Agreed Cost Order entered by the State Court against Defendant. (Exhibits "A" and "B").

12. Defendant's Bankruptcy Schedule E/F lists a *disputed* debt owed to the Plaintiffs in the amount of $40,000.00 [ECF #1 at 4.1, 1].

13. The facts in this case begin with Next Level, In April 2009, being contacted by the Defendant, who had been referred to Next Level through a mutual acquaintance.

14. The Defendant disputed that she had hired Next Level or that she authorized any of the work done. Nonetheless, Rosenthal performed the services requested by the Defendant and sent her a bill.

15. After repeated demands for payment, which was not forthcoming, Next Level filed a small claims suit in the Palm Beach County Court on September 10, 2009 against the Defendant and her former boyfriend for damages in the amount of $650.00. A trial was scheduled for November 20, 2009.

16. During the month of October 2009, the Defendant filed three complaints against Next Level and Rosenthal. The first complaint was to the Better Business Bureau, the second was with the Palm Beach County Consumer Affairs Department and the third was with the Florida Department of Agriculture and Consumer Services. All three complaints ("Complaints") were dismissed and/or closed without any action against Next Level or Rosenthal.

17. The Complaints stated that, "[Rosenthal] physically threatened me *(I had to file a police report.")*. These Complaints were not part of the defamatory claims of the Plaintiffs and are not the "internet postings" referred to herein.

18. On the evening of November 18, 2009 two postings were made on the Internet making defamatory statements. These postings called the Plaintiffs "*scammer, scam artists, shady characters*" and accused Plaintiff Rosenthal of having *physically threatened* the Defendant to such an extent that she posted that she had to *"file a police report."*

19. Neither the Defendant nor her attorneys in the small claims case ever disclosed the internet postings to Next Level or to its counsel.

20. On November 19, 2009, the Defendant and her former boyfriend offered to pay the full amount due and owing to Next Level, which Next Level accepted.

21. On November 20, 2009, Next Level filed a Notice of Voluntary Dismissal

3

as a result of receiving payment from the Defendant.

22. In August 2010 and for the first time, Plaintiffs saw several postings on the Internet, which they considered to be defamatory. Sometime later in 2011, Rosenthal saw additional postings of a defamatory nature and the state court case was filed.

23. After a bench trial, on November 6, 2015[1], the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "State Court") in Case No. 50-2011-CA-017872-XXXX-MB- AI, entered a Final Judgment for Defamation in favor of Next Level and Rosenthal and against Defendant in the amount of $25,000.00 plus interest at the rate of 4.75% per annum and $15,000.00 for *reputation damage* plus interest at the rate of 4.75% interest per annum totaling $40,000.00, plus interest at the rate of 4.75% interest per annum. ("Final Judgment") (Exhibit"A").

24. The Final Judgment was recorded in Official Records Book 27929 Page 953 of the Public Records of Palm Beach County, Florida on December 2, 2015. (Exhibit "A").

25. On December 10, 2015, Judge Sasser, Palm Beach Circuit Judge, entered an *Agreed Order Granting Plaintiffs' Motion To Tax Costs* in the amount of $4,261.90, plus interest at the rate of 4.75% interest per annum. ("Agreed Cost Order")(Exhibit "B").

26. Prior to the trial, the The Defendant stipulated to the following two conclusions of law: "[p]ublishing a statement online asserting that a person or a business is a "scam" or "scam artist" is *per se* defamatory, assuming that the statement

---

[1] ECF filed on 11.06.15 (Exhibit "A").

is untrue; and "[t]the Delray Beach Police Department has no report in their records of any complaint being filed against Steven Rosenthal or Next Level Technology Group, Inc., by Nicole Biscuiti or any other person." (Exhibit "A").

27. The state court made the following findings of law in the Final Judgment: (1) the posting complained of which appeared in the Ripoff Report site beginning November 18,2009, is defamatory *per se*; (2) the posting complained of which appeared on the complaints.com site beginning on November 18,2009, is defamatory *per se*; (3) the posting complained of which appeared on scam.com site beginning November 18, 2009 is defamatory *per se*; the explanation by the Defendant regarding the incorrect statement as to a "police report being filed" is not credible; (4) the language contained in the postings clearly describe the incidents alleged in the governmental complaints acknowledged by the Defendant to have been made by her; (5) the sole purpose of the internet postings was to besmirch and damage the reputation of the Plaintiffs; (6) the Plaintiffs have been damaged as a result of the postings; and (7) the Defendant has failed to prove her counterclaims or affirmative defenses;

28. The State Court specifically noted that : "having personally observed the Defendant as she testified on two (2) occasions, noting her demeanor on the witness stand, and her answers to questions propounded and explanations thereto finds her testimony quite inconsistent and Jacking certain credibility when viewed in light of all the evidence and testimony. This is especially true when considering that the Defendant testified that Charles Andrews not being called as a witness "would not help either party." (Exhibit "A").

## Count I – 11 USC § 523(a)(6)

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 28 above, as though fully set forth herein.

30. 11 USC §523(a)(6) provides:
(a) A discharge under section 727,1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt – * * *
(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

31. Defendant committed various acts that prevent her from obtaining a discharge pursuant to 11 USC § 523(a)(6).

32. The State Court noted that "on November 19, 2009, a day before the 2009 small claims matter referred to herein, the attorneys on behalf of their clients reached an agreement and settlement. Among other terms, the 2009 small claims case was dismissed with prejudice and a mutual release and waiver of any and all claims etc. was contemplated and understood orally." (Exhibit "A").

33. The State Court further noted that: "[t]here is no doubt from the evidence presented that neither attorney involved in the 2009 small claims matter had any idea or knowledge whatsoever that there had been any postings by the Defendant on the internet (Google) the day before the settlement. A true case of "gotcha"." (Exhibit "A").

34. The State Court specifically found the following in the Final Judgment:

(a) The posting complained of which appeared in the Ripoff Report site beginning November 18,2009, is defamatory *per se*;

(b) The posting complained of which appeared on the complaints.com site beginning on November 18,2009, is defamatory *per se*;

(c) The posting complained of which appeared on scam.com site

beginning November 18, 2009 is defamatory *per se*;

(d) The explanation by the Defendant regarding the incorrect statement as to a "police report being filed" is not credible;

(e) The language contained in the postings clearly describe the incidents alleged in the governmental complaints acknowledged by the Defendant to have been made by her;

(f) The sole purpose of the internet postings was to besmirch and damage the reputation of the Plaintiffs; and

(g) The Plaintiffs have been damaged as a result of the postings. (Exhibit "A").

35. The State Court found that the evidence supporting the Plaintiffs' claims were proven by the greater weight of the evidence and/or by a preponderance of the evidence. (Exhibit "A").

36. The stipulations of the Defendant together with the specific findings by the State Court support findings that the *per se* defamation was both "willful and malicious", resulting in injury and damage to the Plaintiffs.

37. Accordingly, the Defendant's liability to the Plaintiffs is non-dischargeable pursuant to 11 U.S.C. §§523(a)(6) & §727(b).

**WHEREFORE**, Plaintiffs seek judgment in its favor and against Defendant with the entry of an Order finding that the Defendant's liability to the Plaintiffs is non-dischargeable pursuant to 11 U.S.C. §§523(a)(6) & §727(b) and for such other and further relief as the Court deems proper.

| | |
|---|---|
| Dated: May 23, 2016. | Respectfully submitted,<br><br>**The Talarchyk Firm**<br><br>        */s/ Tina M. Talarchyk*        <br>Tina M. Talarchyk, Esquire<br>Fla. Bar. No 794872<br>The Worth Avenue Building<br>205 Worth Avenue, Suite 320<br>Palm Beach, FL  33480<br>(o) +1.561.899.3333<br>(f)  +1.561.899.3379<br>tmt@palmbeachbk11.com<br>www.palmbeachbk11.com |